IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNIRAC, INC.,

    Plaintiff,

v.

                                                Civ. No. 21-616 SCY/KK

IRONRIDGE, INC., *et al.*,

    Defendants.

## ORDER DENYING MOTION TO STAY DISCOVERY AND SETTING INITIAL SCHEDULING CONFERENCE

THIS MATTER is before the Court on Defendants IronRidge, Inc. and Esdec, Inc.'s Motion to Stay Discovery Pending Resolution of the Defendants' Motion to Dismiss the Amended Complaint and the Close of Pleadings (Doc. 48) ("Motion to Stay"), filed February 4, 2022. In their Motion to Stay, Defendants ask the Court to stay discovery in this case pending resolution of their Motion to Dismiss Unirac's Amended Complaint for Failure to State a Claim (Doc. 36) ("Motion to Dismiss"), filed September 16, 2021. (Doc. 48 at 1.) Plaintiff Unirac, Inc. filed a response in opposition to the Motion to Stay on February 14, 2022, and Defendants filed a reply in support on February 18, 2022. (Docs. 49, 50.) Defendants filed their notice of briefing complete on March 8, 2022. (Doc. 51.) The Court, having reviewed the parties' submissions, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that the Motion to Stay is not well taken and should be DENIED.

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, the Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. 28 U.S.C. § 471; Fed. R. Civ. P. 1. This standard requires the Court, in the course of ensuring a just outcome, to both (1) expedite the ultimate disposition of litigation and (2) reduce its costs.

Discovery stays generally impede the first goal but may, depending on the circumstances, serve the second. As such, the decision whether to stay discovery "depends greatly on each case's facts and progress" and is within the Court's "broad discretion." *De Baca v. United States*, 403 F. Supp. 3d 1098, 1111-12 (D.N.M. 2019); *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1089-90 (D.N.M. 2015).

In deciding whether to stay discovery, courts must exercise sound judgment and "weigh competing interests." *De Baca*, 403 F. Supp. 3d at 1111; *Martin*, 219 F. Supp. 3d at 1089. In so doing, courts

> may consider factors such as: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (quotation marks and brackets omitted).

Plaintiff brought this action more than eight months ago, on July 2, 2021. (Doc. 1.) If the Court were to grant Defendants' Motion to Stay, the already substantial delay in Plaintiff's ability to prosecute its case would grow. A delay of this duration is certainly not "speedy," Fed. R. Civ. P. 1, and is unfairly prejudicial to Plaintiff in this lawsuit between direct competitors who have recently jointly proposed a lengthy 26-month timeframe between discovery commencement and trial. (Doc. 46; Doc. 49 at 14.) The Court finds that Plaintiff's interests in proceeding expeditiously and avoiding potential prejudice weigh heavily against a discovery stay at this juncture.

In contrast, Defendants have not shown that the burden they would bear, should discovery be allowed to proceed, is in any way out of the ordinary. Defendants argue that because of the pending Motion to Dismiss, "proceeding with discovery, including initial disclosures, as set forth in the provisional discovery plan proposed in the JSR … is premature." (Doc. 48 at 4.) More than

eight months into this case, the Court disagrees. If Defendants' Motion to Dismiss is wholly successful, they will be entitled to have costs taxed against Plaintiff, which mitigates Defendants' burden. Fed. R. Civ. P. 54(d).  Alternatively, the need for discovery would not be obviated if the Court granted the Motion to Dismiss with leave to amend. *See Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) ("District courts should freely give leave to amend when justice so requires.") (quotation marks and brackets omitted); (Doc. 49 at 17). Finally, while Defendants suggest that Plaintiff's requested discovery is "broad ranging," they have not sufficiently explained how or why discovery would be especially burdensome in this case, and their anticipated request for bifurcation does not tip the scale in favor of a discovery stay. (Doc. 50 at 6, 10.) The Court finds that Defendants' interests do not overcome Plaintiff's interests weighing against a stay.

As to the remaining factors, neither party has specifically identified a nonparty who would be burdened by involvement in discovery in this case, and the Court's convenience and public interest do not tip the scales in favor of a stay. The Court might balance these interests differently if it could predict the outcome of Defendants' Motion to Dismiss with certainty, but that it cannot do. Meanwhile, it serves neither the Court nor the public to delay discovery indefinitely.  The Court will consider the merits of any motion to bifurcate *discovery* if such a motion is filed and when it is fully briefed, and the pendency of any motion to bifurcate *trial* will not be determinative. The Court in its discretion therefore DENIES Defendants' Motion to Stay Discovery (Doc. 48).

The parties shall confer and, if appropriate, file an amended Joint Status Report and Provisional Discovery Plan, if appropriate, by no later than **Friday, March 25, 2022**. A Rule 16 Initial Scheduling Conference will be held **by telephone** on **Thursday, March 31, 2022 at 11:30 a.m.** Counsel are to call the Court's AT&T conference line at (877) 848-7030 and enter the code

7324132 to connect to the proceedings. Lead counsel must participate unless excused by the Court.

Parties represented by counsel need not attend.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE